IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIMINAL ACTION 07-00264-KD |
| ) | |
| CHRIS EMANUEL BONNER, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the defendant's motion for judgment of acquittal (doc. 30), the United States' response (doc. 31) and the parties stipulated facts (doc. 29).[1] A hearing was held on December 10, 2007. Defendant's motion for acquittal is **GRANTED** for reasons stated in court and explained below.

On July 27, 2006, Congress enacted the Sex Offender Registration and Notification Act "SORNA". Pub. L. No. 109-248. The registration requirements for SORNA are set forth in 42 U.S.C. § 16913. Pursuant to SORNA, a sex offender who is required to register under the Act and who travels in interstate commerce may be imprisoned for not more than ten years if such person knowingly fails to register or update his or her registration as required by the Act. 18 U.S.C. § 2250(a).[2]

---

[1] The parties had previously agreed to submit this case for a bench trial.

[2] Section 2250(a) provides, in full:

(a) In general.-Whoever-

(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

Defendant was indicted for one count of "having traveled in interstate and foreign commerce, [he] knowingly failed to register and update registration as required by the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901, . . . [i]n violation of 18 U.S.C. § 2250(a)." (doc. 11).

The parties have stipulated to the following relevant facts:

1) On May 25, 1999, Defendant was convicted in Florida of Lewd Assault and Sexual Battery of a victim under the age of 16.  Defendant received a sentence of probation for this crime.  As a result of this conviction, Defendant registered as a sex offender in Duval County, Florida, and was informed that he was required to maintain that registration for the term of his life.  Defendant was advised of these registration and reporting requirements and acknowledged in writing on May 17, 2000, that he understood them.  On August 20, 2004, Defendant's probation was revoked and he was ordered to serve ten (10) months in jail.  Defendant was released from custody in May 2005.

2) Defendant last updated his registration with the Duval County Sheriff's Office on August 20, 2004.

3) On June 8, 2007, the defendant was arrested in Prichard, Alabama, where he had been residing.

---

(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

4) Defendant did not notify the authorities in Florida within 48 hours prior to his relocation to Alabama as required by Florida law.  He also did not register his new residence in Alabama with Alabama authorities within five days of his move.

No other evidence was presented by either party.

Defendant moves for judgment of acquittal on the basis that the application of §2250 to his case violates the Ex Post Facto Clause of the United States Constitution because the government did not prove that he traveled in interstate commerce after July 27, 2006, the date SORNA was enacted.

The government argues that SORNA is a non-punitive regulatory scheme and thus is not subject to an Ex Post Facto analysis.  In the alternative the government argues that even if the statute is punitive, application to a defendant that traveled in interstate commerce prior to the enactment does not violate the Ex Post Facto clause.  Specifically, the government states the prohibited activity is the failure to register once the defendant travels in interstate commerce.  Thus, where a defendant traveled in interstate commerce prior to the enactment of SORNA and then failed to register after the enactment of SORNA, the government argues that he would be subject to prosecution because the criminal activity was not completed until after SORNA became effective.

In support of its position the Government relies on Smith v. Doe, 538 U.S. 84 (2003), as well as other district court cases that relied on Smith v. Doe, for their conclusion that a prosecution under SORNA is a regulatory scheme and thus is not a violation of the Ex Post Facto Clause.  In Smith v. Doe, the Supreme Court held that the Alaska Sex Offender Registration Act, which requires convicted sex offenders to register with law enforcement authorities, was not retroactive punishment prohibited by the Ex Post Facto Clause.  The Court

explained that to determine whether the registration requirement violates the Ex Post Facto Clause you must look to the intent of the legislature. "If the intention of the legislature was to impose punishment, that ends the inquiry. If, however, the intention was to enact a regulatory scheme that is civil and nonpunitive" then the court must inquire further. Id. at 92.

The court agrees that Smith v. Doe supports the position that the SORNA registration requirements are not a violation of the Ex Post Facto Clause. However, that is not the issue in this case. The question at issue is whether a prosecution for failing to register under 18 U.S.C. § 2250, as applied to a defendant who has not been shown to have traveled in interstate commerce after the enactment of SORNA, is a violation of the Ex Post Facto Clause.

First, it is obvious that 18 U.S.C. § 2250 was meant to be punitive, hence the possible ten year sentence. Therefore 18 U.S.C. § 2250 is subject to an ex post facto analysis. "The ex post facto prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" Weaver v. Graham, 450 U.S. 24, 28 (1981), quoting Cummings v. Missouri, 4 Wall. 277, 325-326, 18 L.Ed. 356 (1867). The Supreme Court explained "that two critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Weaver, 450 U.S. at 29. Section 2250 punishes a defendant who is required to register and fails to do so. However, more is required by § 2250 than simply failing to register. In an apparent effort to establish federal jurisdiction over a state sex offender that failed to register as required, Congress also provided as an element of the offense that the defendant "travels" in interstate commerce and then fails to register as required. 18 U.S.C. § 2250(a)(2)(B). The act of traveling in interstate commerce and then failing to

register as required became subject to prosecution no earlier than July 27, 2006, i.e. the effective date of 18 U.S.C. § 2250.  Accordingly, in order to avoid the prohibition of retroactive punishment the defendant must travel in interstate commerce and fail to register after 18 U.S.C. § 2250 became effective.

The government also argues that, although the statute clearly states that a person violates SORNA when he is "1) required to register under [SORNA]; 2)... travels in interstate or foreign commerce... and 3) knowingly fails to register or update a registration as required by [SORNA]...", it is not relevant when defendant's travel occurred.  (Doc. 31, p. 12).  In support the government analogizes 18 U.S.C. § 2250 to 18 U.S.C. § 922(g) and points to several cases which hold that even if a firearm traveled in interstate commerce before the effective date of the law, the act  [§ 922(g)] did not violate the Ex Post Facto clause when it forbade possession of that firearm by a convicted felon.  The fallacy in this analogy is found in the jurisdictional language used by Congress in each statute.

In 18 U.S.C. § 922 Congress asserted jurisdiction over felons who "possess in or affecting commerce, any firearm....".  As explained in <u>U.S. v. Gillies</u>, 851 F.2d 492, 495 (1st Cir. 1988);

> [O]ne can read the language "possess in or affecting commerce, any firearm" as serving a jurisdictional purpose, making clear that Congress wished to exercise its Commerce Clause power broadly in order to achieve a crime-control objective, namely, stopping convicted felons from possessing guns. If so, the effect on commerce to which Congress refers could include the effect that permitting (or forbidding) a person or persons of this sort to possess interstate guns will have on interstate commerce, Congress's object being to show not necessarily an injury to commerce, but rather simply to show some effect for jurisdictional reasons. As so read, the word "affecting" would include past or present effects; it would include possession of a gun that did travel interstate before the felon possessed it.

By contrast, in 18 U.S.C. § 2250 Congress asserted jurisdiction over a person who is required to

register as a sex offender, "travels in interstate commerce" and then fails to timely register.  This language clearly shows an intent to base federal jurisdiction on the act of traveling in commerce not on the effect past travel may have had on commerce.   The Eleventh Circuit in U.S. v. Ballinger, 395 F.3d 1218, 1231-1234 (11th Cir. 2005) explained at length the difference in jurisdiction when a statute uses the term "affecting commerce" as opposed to travels "in commerce" concluding that the words "in commerce" have a much narrower meaning.   The court in Ballinger also noted that "the Supreme Court has rejected the suggestion that 'in commerce' and 'affecting commerce' may be conflated or read interchangeably".  Id. at 1233.

In conclusion, the court finds that in order to succeed in a prosecution of 18 U.S.C. § 2250 it is necessary to show that the defendant traveled in interstate commerce and failed to register as required after the date such conduct became regulated, i.e. July 27, 2006.   The government has failed in its proof in that it has failed to show beyond a reasonable doubt that defendant traveled in interstate commerce after July 27, 2006.   Accordingly, the Defendant is acquitted of the charged conduct.

**DONE** and **ORDERED** this the 11th day of December, 2007.

                                                  s  / Kristi K. DuBose  
                                                **KRISTI K. DuBOSE**  
                                                **UNITED STATES DISTRICT JUDGE**